IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STATE OF CALIFORNIA,**<br>Office of the Attorney General<br>1300 "I" Street<br>Sacramento, CA 95814-2919<br><br>                                         Plaintiff,<br><br>                    v.<br><br>**U.S. ENVIRONMENTAL PROTECTION AGENCY,**<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460<br><br>                                         Defendant | Case No. 1:17-cv-1626 |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1. Plaintiff State of California, by and through Attorney General Xavier Becerra, ("Plaintiff") seeks injunctive, declaratory, and other appropriate relief against the United States Environmental Protection Agency ("EPA") to remedy EPA's violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. Plaintiff sent a written request to EPA on April 7, 2017, seeking, pursuant to FOIA, specified records concerning (a) the process EPA has undertaken to ensure that Administrator E. Scott Pruitt is in compliance with federal ethics regulations and obligations; and (b) EPA's policies and procedures for determining who (if anyone) can assume the powers of the Administrator if he is recused or disqualified from participating in a matter.

3. EPA has failed to comply with FOIA. EPA did not provide Plaintiff with a determination on the scope of the documents it would produce and the exemptions it would claim within 20 working days of receiving the request. 5 U.S.C. § 552(a)(6)(A)(i). EPA has not

produced any documents to Plaintiff, and EPA has not claimed any exemptions allowing it to withhold documents.

    4.    Beginning in 2011 and continuing up to the moment he was sworn in as EPA Administrator on February 17, 2017, Mr. Pruitt served as the Attorney General of Oklahoma. While serving as Oklahoma Attorney General, Mr. Pruitt filed numerous lawsuits against EPA that attacked the legal and factual justification for rules promulgated by EPA. These lawsuits include, but are not limited to, actions asking courts to strike down EPA's rules limiting greenhouse gas emissions from existing fossil fuel power plants (80 Fed. Reg. 64,661 (Oct. 23, 2015); *see West Virginia v. EPA* (D.C. Cir., No. 15-1363)) and from new, modified, and reconstructed fossil fuel power plants (80 Fed. Reg. 64,510 (Oct. 23, 2015); *see North Dakota v. EPA* (D.C. Cir., No. 15-1381)); limiting methane and volatile organic compound pollution from new, modified, and reconstructed sources in the oil and gas sector (81 Fed. Reg. 35,824 (June 3, 2016); *see North Dakota v. EPA* (D.C. Cir., No. 16-1242 (consolidated with *Am. Petroleum Inst. v. EPA* (No. 13-1108)))); establishing National Ambient Air Quality Standards for ground-level ozone pollution (80 Fed. Reg. 65,292 (Oct. 26, 2015); *see Murray Energy Corp. v. EPA* (D.C. Cir., No. 15-1385)); and limiting hazardous air pollutants emitted from coal- and oil-fired power plants (81 Fed. Reg. 24,420 (Apr. 25, 2016); *see Murray Energy Corp. v. EPA* (D.C. Cir., No. 16-1127)).

    5.    Upon his swearing in at EPA, Administrator Pruitt became the head of the agency responsible for implementing the very same rules that he had been working to overturn just moments earlier. Mr. Pruitt's public attacks on the legal and factual justification EPA provided for many rules, including his filing of lawsuits seeking to invalidate them, while Oklahoma Attorney General, raise a question regarding his ability to participate in administrative processes and rulemakings concerning these same rules with the impartiality required by federal law. *See*, *e.g.*, 5 C.F.R. § 2635.502(a)(2).

    6.    Administrator Pruitt has now officially directed EPA to stay, reconsider, and possibly revise or even rescind many of these same rules. Administrator Pruitt's actions create

the appearance that he is not acting impartially by attempting to achieve the same results through rulemaking as Administrator that he sought to achieve through litigation as Oklahoma Attorney General. *See*, *e.g.*, 5 C.F.R. §§ 2635.102(b)(8) & (b)(14).

7. California, as either a party or amicus curiae in ongoing litigation, has been defending the validity of some of these rules Mr. Pruitt sought to have invalidated as Oklahoma Attorney General. *See*, *e.g.*, *West Virginia v. EPA* (D.C. Cir., No. 15-1363); *North Dakota v. EPA* (D.C. Cir., No. 15-1381); *North Dakota v. EPA* (D.C. Cir., No. 16-1242 (consolidated with *Am. Petroleum Inst. v. EPA* (No. 13-1108)); *Murray Energy Corp. v. EPA* (D.C. Cir., No. 15-1385); *Murray Energy Corp. v. EPA* (D.C. Cir., No. 16-1127).

8. The public is entitled to prompt release of the requested records so that whatever steps EPA has undertaken to avoid the appearance of lack of impartiality by Administrator Pruitt may be evaluated and acted upon, if necessary. Plaintiff has been harmed and will continue to be harmed by EPA's violations of FOIA, which have resulted in the impermissible withholding of records and the impermissible concealment of the operations of the federal government.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA.

10. Because EPA did not provide Plaintiff with a determination on the scope of the documents it would produce and the exemptions it would claim within 20 working days of receiving Plaintiff's April 7, 2017, request, Plaintiff is deemed to have exhausted its administrative remedies and may now seek judicial review. 5 U.S.C. § 552(a)(6)(C)(i); 40 C.F.R. § 2.104(a).

11. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) because FOIA grants the district court in the District of Columbia jurisdiction to issue FOIA injunctions and orders and also because the District of Columbia is the district in which Plaintiff is informed and believes the relevant EPA records are located.

12. This Court has authority to grant declaratory relief, and related necessary or proper relief, pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

13. Plaintiff State of California brings this action by and through Attorney General Xavier Becerra. Under the California Constitution, the Attorney General of California is the chief law officer of the state and has the power, among other things, to file any civil action or proceeding directly involving the rights and interests of the state. Plaintiff is a "person" authorized to request records from a federal agency pursuant to FOIA. 5 U.S.C. § 551(2) (defining a "person" to include "an individual, partnership, corporation, association, or public or private organization"); § 552(a)(3). The headquarters of the California Attorney General is located at 1300 "I" Street, Sacramento, California 95814-2919.

14. Defendant EPA is an authority of the Government of the United States and is therefore an "agency" required to comply with FOIA. 5 U.S.C. § 551(1). Its headquarters is located at 1200 Pennsylvania Avenue, N.W., Washington, D.C. 20460.

## ADDITIONAL FACTS

15. On April 7, 2017, Plaintiff submitted a FOIA request letter dated April 7, 2017, to EPA through the foiaonline.regulations.gov website. That same day Plaintiff sent that letter to EPA's National Freedom of Information Officer by U.S. Mail. The letter consisted of requests concerning (a) the process EPA has undertaken to ensure that Administrator Pruitt is in compliance with federal ethics regulations and obligations; and (b) EPA's policies and procedures for determining who (if anyone) can assume the powers of the Administrator if he is recused or disqualified from participating in a matter.

16. Also on April 7, 2017, in an email to Plaintiff from foia_hq@epa.gov, EPA acknowledged receipt of the request and assigned it "Tracking Number" EPA-HQ-2017-005890 with "Date Submitted" of April 7, 2017.

17. On April 13, 2017, in an email to Plaintiff from foia.hq@epa.gov, EPA acknowledged receipt of the same April 7, 2017, FOIA request letter and assigned it "Tracking Number" EPA-HQ-2017-006101 with "Date Submitted" of April 13, 2017.

18. On April 20, 2017, EPA sent Plaintiff a letter via email from Larry F. Gottesman, National FOIA Officer, denying Plaintiff's request for a fee waiver as to Request Number EPA-HQ-2017-006101. That letter states that "EPA's Office of General Counsel (OGC) will be responding to your information request," and that if the estimated cost of responding to the request exceeds $25.00, "OGC will contact you regarding the cost of processing your request and seek an assurance of payment."

19. Plaintiff did not appeal EPA's denial of its fee waiver request.

20. On May 17, 2017, EPA sent Plaintiff a letter via email from Larry F. Gottesman, National FOIA Officer, granting Plaintiff's request for a fee waiver as to Request Number EPA-HQ-2017-005890 (which is identical to Request Number EPA-HQ-2017-006101, on which EPA had denied the fee waiver request on April 20, 2017). The letter states that the "EPA Office of the Administrator (AO) will respond to your information request for the Agency." Plaintiff has not received any further communication about Request Number EPA-HQ-2017-005890 from the Office of the Administrator.

21. Also on May 17, 2017, Plaintiff received a phone call from an attorney with EPA's Office of General Counsel, who indicated that she was handling some of the categories of records Plaintiff had requested, that she had not yet completed her search for all of those categories, and that the responses to certain other categories were being handled by other parts of EPA.

22. Other than as described above, as of June 14, 2017, Plaintiff had not received any other communication about its requests from EPA's Office of General Counsel or anyone else from EPA.

23. As of June 14, 2017, EPA had not provided to Plaintiff any documents in response to its April 7, 2017, FOIA request.

24. On June 14, 2017, Plaintiff sent a letter to EPA pointing out EPA's violation of FOIA and asking EPA immediately to comply.

25. As of the time of filing this Complaint, the only communication EPA has made to Plaintiff regarding the request subsequent to Plaintiff's June 14, 2017, letter was a June 30, 2017, voicemail from an EPA employee stating that EPA was working on the request.

26. Under FOIA, EPA was required to have provided Plaintiff with a determination on the scope of the documents it would produce and the exemptions it would claim within 20 working days of receiving the request. 5 U.S.C. § 552(a)(6)(A)(i). That 20-day period expired on May 5, 2017, with respect to request EPA-HQ-2017-005890, and on May 11, 2017, with respect to the identical request EPA-HQ-2017-006101. EPA has never provided to Plaintiff the determination required by 5 U.S.C. § 552(a)(6)(A)(i).

27. EPA did not provide written notice to Plaintiff that any unusual circumstances exist, which would have allowed EPA to extend the 20-day time limit of 5 U.S.C. § 552(a)(6)(A)(i) by a maximum of 10 additional working days.

28. Because EPA failed to provide Plaintiff with the determination required by 5 U.S.C. § 552(a)(6)(A)(i) within 20 working days of the request, FOIA prevents EPA from assessing search fees on Plaintiff for records responsive to the April 7, 2017, request. 5 U.S.C. § 552(a)(4)(A)(viii).

29. As of the time of filing this Complaint, EPA has not produced any records to Plaintiff, and EPA has not claimed any exemptions allowing it to withhold the requested records.

30. As of the time of filing this Complaint, EPA has failed to provide Plaintiff with reasonably segregable portions of records (after deletion of portions lawfully exempt under FOIA) that are responsive to Plaintiff's April 7, 2017, request.

31. Because of EPA's violations of FOIA, Plaintiff has been required to expend resources to prosecute this action.

## PLAINTIFF'S CLAIMS FOR RELIEF

### Claim One
### (Failure to Conduct Adequate Search)

32. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

33. Plaintiff has a statutory right to have EPA process its FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). EPA violated Plaintiff's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to Plaintiff's April 7, 2017, FOIA request letter.

34. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, EPA will continue to violate Plaintiff's rights to receive public records under FOIA.

### Claim Two
### (Wrongful Withholding of Non-Exempt Records)

35. Plaintiff re-alleges and incorporates by reference the allegations made in paragraphs 1 through 31, inclusive.

36. EPA violated FOIA by refusing to disclose records responsive to Plaintiff's April 7, 2017, FOIA request letter.

37. Plaintiff has a statutory right to the records it seeks.

38. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, EPA will continue to violate Plaintiff's right to receive public records under FOIA.

### Claim Three
### (Failure to Provide Reasonably Segregable Portions of Records Lawfully Subject to a FOIA Exemption)

39. Plaintiff re-alleges and incorporates by reference the allegations made in paragraphs 1 through 31, inclusive.

40. EPA violated FOIA by failing to provide Plaintiff with reasonably segregable portions of records (after deletion of portions lawfully exempt under FOIA) that are responsive to Plaintiff's April 7, 2017, FOIA request letter, as required by 5 U.S.C. § 552(b).

41. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, EPA will continue to violate Plaintiff's right under FOIA to receive reasonably segregable portions of records (after deletion of portions lawfully exempt under FOIA).

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Court:

1. Order EPA to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's April 7, 2017, FOIA request letter (numbers EPA-HQ-2017-005890 and EPA-HQ-2017-006101), with the cut-off date for such searches being the date the searches are conducted, and to provide Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of responsive records sought.

2. Declare that EPA's failure to make a timely determination of Plaintiff's April 7, 2017, FOIA request letter is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

3. Declare that EPA's failure to search for and disclose to Plaintiff all records that are responsive to Plaintiff's April 7, 2017, FOIA request letter, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(3).

4. Declare that EPA's failure to provide Plaintiff with reasonably segregable portions of records (after deletion of portions lawfully exempt under FOIA) that are responsive to Plaintiff's April 7, 2017, FOIA request letter, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(b).

5. Award Plaintiff its reasonable litigation costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

6. Grant such other relief as the Court may deem just and proper.

Dated:  August 11, 2017	Respectfully submitted,

XAVIER BECERRA
Attorney General of California
DAVID A. ZONANA
Supervising Deputy Attorney General


 /s/ Timothy E. Sullivan

TIMOTHY E. SULLIVAN
Deputy Attorney General
California Department of Justice
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA  94612-0550
(510) 879-0987
Timothy.Sullivan@doj.ca.gov
*Attorneys for the State of California*

OK2017304228
90827377.doc