**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| STATE OF CALIFORNIA, |
| *Plaintiff*, |
| v. |
| ENVIRONMENTAL PROTECTION AGENCY, |
| *Defendant*. |

Civil Action No. 17-1626 (JEB)

**JOINT STATUS REPORT**

Pursuant to this Court's October 10, 2017 Order, the Parties, Defendant, the Environmental Protection Agency ("EPA" or "Defendant"), jointly with Plaintiff, the State of California ("California" or "Plaintiff"), file this status report.

1.      At issue is a Freedom of Information Act ("FOIA") request that Plaintiff submitted on April 7, 2017, that sought thirty-two categories of records related to "(a) the process EPA has undertaken to ensure that Administrator Pruitt is in compliance with federal ethics regulations and obligations; and (b) EPA's policies and procedures for determining who (if anyone) can assume the powers of the Administrator if he is recused or disqualified from participating in a matter." Compl. ¶ 15 (ECF No. 1).

2.      On August 11, 2017, Plaintiff filed its Complaint in the instant matter. *See generally* Compl.

3.      On October 6, 2017, the Parties filed a Joint Status Report regarding further proceedings in this matter. *See* ECF No. 11.  In that Report, Defendant explained that Plaintiff's request can be divided into three categories—(1) those subparts of Plaintiff's request for which

initial searches have been completed; (2) those subparts for which searches were underway; and (3) those subparts for which additional information was sought from Plaintiff.  *See id.* ¶ 5.

4.      For the first category, Defendant explained that for subparts 1, 4, 5, 6, 7, 8, 10, 11, and 13 of Plaintiff's request, Defendant had completed its searches and was reviewing the results of those searches.  *See id.* ¶ 6.  Defendant agreed to release all non-exempt records or portions of records responsive to those subparts by November 15, 2017.  *See id.*

5.      For the second category, Defendant explained that searches were underway for subparts 15 and 25–32 of Plaintiff's FOIA request.  *See id.* ¶ 8.  Defendant agreed also to release all non-exempt records responsive to these subparts by November 15, 2017.  *See id.*

6.      On November 15, 2017, Defendant released seven records in full that were responsive to  subparts 1, 4, 5, 6, 7, 8, 10, 11, 13, 15, and 25–32 of Plaintiff's request.  Defendant informed Plaintiff that it did not claim any FOIA exemptions applicable to these subparts because Defendant had not withheld any records or portions of records responsive to these subparts. Defendant further informed Plaintiff that this response constituted the final response for subparts 1, 4, 5, 6, 7, 8, 10, 11, 13, 15, and 25–32 of Plaintiff's FOIA request.

7.      For the third category, Defendant stated that the Parties were conferring regarding search terms, custodians, and time-periods for searches related to the remaining items.  *See id.* ¶ 10.  Defendant stated that if the Parties could agree on these issues, it would submit the additional searches by October 13, 2017.  *See id.* ¶ 12.  Defendant further agreed that it would then provide plaintiff with an estimate of the number of records potentially responsive to these remaining subparts by November 15, 2017.  *See id.*

8.      Finally, Defendant proposed that the Parties file a joint status report by November 30, 2017, updating the Court on the status of Defendant's processing of Plaintiff's

FOIA request, identifying any outstanding issues with respect to search terms, custodians, or time-periods, and also including a proposed processing schedule for the potentially responsive records identified on November 15, 2017.  *See id.* ¶ 14.

9.      Subject to Plaintiff's reservation of its right to request that the Court enter a briefing schedule, the Court entered an order adopting the above-discussed schedule.  *See* Min. Order (Oct. 10, 2017).

<strong>Defendant's Position</strong>

10.     On November 15, 2017, Defendant informed Plaintiff that it had completed its search for records potentially responsive to subparts 2, 3, 9, 12, 14, and 16–24 of Plaintiff's FOIA request.

11.     Specifically, Defendant informed Plaintiff that it had identified approximately 14,000 such records.  Defendant further noted, however, that this figure is likely significantly higher than the actual number of responsive records that will result from Defendant's review, as it includes duplicates and many non-responsive records identified in light of Defendant's agreement to use the broad search terms that Plaintiff requested.

12.     Since then, the Parties have conferred about a proposed schedule for Defendant's processing of these potentially responsive records and have agreed to the following schedule:

- Defendant will process these potentially responsive records on a rolling basis, releasing responsive, non-exempt records to Plaintiff on the fifth of every month (beginning with a release on January 5, 2018).[1] Defendant will complete its release of responsive, non-exempt records to Plaintiff no later than May 7, 2018.

- With each monthly release, Defendant will provide Plaintiff an estimate of the number of records reviewed during the previous month, the number of records remaining to be reviewed, the number of records being released, and the number of records withheld in full

---

[1] Where the fifth falls on a weekend, Defendant will issue its release on the next business day.

or in part under a FOIA exemption (along with an identification of the relevant exemption(s) being asserted).

- The Parties will file periodic status reports on the fifteenth of each month (beginning on January 15, 2018), apprising the Court of the status of Defendant's processing of Plaintiff's FOIA request.

- Within twenty-one days of the date on which Defendant completes its processing of Plaintiff's FOIA request, the Parties will file a joint status proposing a schedule for dispositive motions.

### Plaintiff's Position

13.     Plaintiff disagrees with Defendant's implication in paragraph 11 that the results of Defendant's search unnecessarily include "many non-responsive records" due to the use of "broad search terms" requested by Plaintiff. First, Plaintiff is unaware of how it is possible that Defendant has already determined that the search uncovered "many non-responsive records" when Defendant claims that it needs an additional five months to review those same records to determine which are non-responsive. Second, there is no reason to believe that the search the Parties agreed on is unnecessarily "broad." The obligation to identify appropriate custodians and locations to search for relevant records is on the agency, not on the FOIA requestor. When Defendant proposed in October 2017 to conduct an electronic search that did not appear to be reasonably calculated to uncover relevant documents, Plaintiff suggested additional search terms directly related to the FOIA request in order to assist Defendant in fulfilling its obligation search for the requested records.

14.     Plaintiff agrees to the schedule proposed by Defendant in paragraph 12, with the following reservations:

- Plaintiff reserves the right to request the Court to modify the above record release schedule if it appears that Defendant is not making reasonable efforts to produce records monthly on a rolling basis or to complete its response to Plaintiff's FOIA request by the May 7, 2018, deadline.

- Plaintiff reserves the right, depending on the progress of Defendant's production of responsive records, to request the Court to set a briefing schedule for dispositive motions prior to the date on which Defendant would contend it has completed its response to Plaintiff's FOIA request.

November 29, 2017

Respectfully submitted,

JESSIE K. LIU
D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division

By:     */s/ Brian J. Field*
BRIAN J. FIELD
D.C. BAR #985577
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2551
E-mail: Brian.Field@usdoj.gov

*Counsel for Defendant*

*/s/ Timothy E. Sullivan*
TIMOTHY E. SULLIVAN
Deputy Attorney General
California Department of Justice
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA  94612-0550
(510) 879-0987
Timothy.Sullivan@doj.ca.gov

*Counsel for Plaintiff*